This is an appeal from an order of the Circuit Court for Tuscaloosa County granting a partial summary judgment in favor of the defendants. The plaintiff, Barbara Woodley Mountain (Mountain), had brought an action pursuant to 42 U.S.C. § 1983, alleging that the defendants, as members of the Board of Commissioners of the City of Tuscaloosa (the Board), had violated her right to freedom of association and her due process rights under the First and Fourteenth Amendments to the Constitution of the United States, by failing to hire her for a position with the City's Victim/Witness Assistance Program. The City of Tuscaloosa (City) was named as a defendant, and one Commissioner (Andres) was named individually, as well as in his official capacity. The trial court granted summary judgment as to the due process issue, finding as a matter of law that Mountain had no constitutionally protected property interest in the position sought, and that there had been no deprivation of her liberty. The Court ordered entry of final judgment on that issue pursuant to Rule 54 (b), A.R.C.P. Summary judgment as to the First Amendment freedom of association issue was denied, and that issue is pending trial in the circuit court.
The sole issue before us is whether the trial court erred in holding that, as a matter of law, Mountain could prove no set of facts which would give rise to a constitutionally protected property or liberty interest in a position with the City of Tuscaloosa as a Victim/Witness Assistance Program Officer, and, thus, was not entitled to due process protection on that issue. Finding that it did not, we affirm the judgment of the trial court.
This case arises out of the following facts:
In 1980 the City of Tuscaloosa received a grant from the Department of Justice, Law Enforcement Assistance Administration, to establish a Victim/Witness Assistance Program. Three employee positions were created under the grant: two employees were to work within the police department, and one in the office of the district attorney. The positions were not subject to civil service or merit system laws. The City developed a system by which to screen and interview applicants. The evidence shows that a screening and interview committee was formed within the police department. This committee was to rank the applicants according to a point system, and send a list of candidates arranged by rank to the personnel director. He, in turn, was to make his recommendations to the Board, which was the final hiring authority for the two police department positions. After the City had hired two of the candidates, the top five remaining were to be interviewed by the district attorney in order that he could select one.
The City advertised the positions, and Mountain submitted her application. Following the screening procedure, Mountain ranked second among the candidates. However, she was not one of the two hired by the City, nor was she sent to the district attorney for a further interview. There is evidence that, before the hiring decision was made, Andres discussed with several people his opinion that Mountain should not be hired. This opinion was based on her relationship as fiancee of Delaine Mountain, a Tuscaloosa attorney who did considerable criminal defense work. (The two have married since the time of the events leading to this suit.)
The motion for summary judgment was submitted on the pleadings, and was briefed and argued by counsel.
Summary judgments in Alabama are governed by Rule 56, A.R.C.P. Rule 56 (c) states:
 The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, *Page 432 
if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.
This court has, on numerous occasions, delineated standards to be considered in ruling on such a motion. In Fountain v.Phillips, 404 So.2d 614 (Ala. 1981), we stated, "The burden is . . . upon the moving party to clearly show that the non-movant could not recover under any discernible circumstances, . . . and all reasonable doubts concerning the genuine issue of material fact must be resolved against the moving party."Fountain v. Phillips, 404 So.2d at 618 (citations omitted). The scintilla rule applies to motions for summary judgment. "[I]f there is a scintilla of evidence supporting the position of the party against whom the motion for summary judgment is made, so that at trial he would be entitled to go to the jury, a summary judgment may not be granted." Harold Brown Builders, Inc. v.Jordan Co., 401 So.2d 36 (Ala. 1981), quoting Campbell v.Alabama Power Co., 378 So.2d 718 (Ala. 1979).
Mountain submits that she has, according to the above standards, shown that she has a constitutionally protected interest in a position with the Victim/Witness Assistance Program. She further submits that she has demonstrated the deprivation of her constitutionally protected liberty to seek employment of her choice. She bases her claims on the City's development of screening procedures for processing the job applications, combined with its custom of hiring those recommended by the interviewing officials, and her rank as second highest among all the applicants. Mountain's affidavit summarizes her position:
 Since I knew: (1) That I was doing well in the application process; (2) That I then had the job because I was ranked second with a need for three Victim/Witness Officers; (3) That I had been interviewed thoroughly by the only persons who were interviewing; (4) That the recommendation came from the Project Director; and (5) That the City normally follows such recommendations, I expected that I had the job.
We cannot agree that Mountain has demonstrated a constitutionally protected liberty or property interest in the position she seeks. The United States Supreme Court has noted that liberty "denotes not merely freedom from bodily restraint but also the right of the individual . . . to engage in any of the common occupations of life. . . ." Board of Regents v.Roth, 408 U.S. 564, at 572, 92 S.Ct. 2701, at 2706-07,33 L.Ed.2d 548 (1972). However, that Court has added: "It stretches the concept too far to suggest that a person is deprived of `liberty' when he simply is not rehired in one job but remains as free as before to seek another." Roth, supra, at 575, 92 S.Ct. at 2708. There is nothing in the evidence before us to indicate that Mountain's freedom to pursue any other job of her choice has been impaired.
As to a property interest, the Supreme Court has noted that the sufficiency of a claim of entitlement to such an interest must be decided by reference to state law. Bishop v. Wood,426 U.S. 341, 96 S.Ct. 2074, 48 L.Ed.2d 684 (1976). We have found no Alabama statutes or case law pertaining to a property interest in potential employment, and the parties have cited none. However, Alabama law as it relates to municipal employees has been codified as follows:
 Each and every officer and employee of said city or town other than the commissioners shall be selected and employed by the said board [of commissioners] or under its direction. . . . The board of commissioners shall have the authority to create all necessary offices and shall prescribe and may at any time change the power, duties and titles of all subordinate officers and employees of said city or town, and all such officers and employees shall hold office and be removable at the pleasure of the board of commissioners. . . .
Code 1975, § 11-44-28.
Under this section municipal employees who do not come under civil service regulations are "at will" employees. The *Page 433 
board of commissioners is responsible for their hiring, and they are "removable at the pleasure of the board of commissioners." Section 11-44-28, formerly Title 37, § 50, Code 1940, has been held by this court to invest the governing boards of municipalities with plenary power in the selection of their employees. Hickman v. City of Mobile, 256 Ala. 141,53 So.2d 752 (1951). This court has further held that a public employee whose duties are terminable at will has no property interest in continued employment. Tripp v. Hall, 395 So.2d 33
(Ala. 1981).
Mountain was never hired by the City, so the question before us is not one of continued employment. Rather, she claims that her expectancy of receiving the job gave her a protected property interest. The evidence before us shows that the interviewing and ranking procedures outlined earlier in this opinion were followed. The personnel officer, after receiving the list of candidates from the screening committee, forwarded it to the Board. This was an informal, in-house system for hiring employees, and there is nothing in the evidence to indicate that the Board, which was responsible for the actual hiring decisions, was expected to be bound by the recommendations of either the personnel officer or the interviewing committee. Under the circumstances, we cannot find that Mountain's hopes and expectations regarding her prospects of employment rise to a constitutionally protected property interest.
The real issue of material fact shown in the filings submitted on summary judgment, as well as the primary issue argued by the parties in their briefs, pertains to a violation of Mountain's right to freedom of association. As the trial judge denied summary judgment on that issue, we find no error in the lower court.
AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and EMBRY, JJ., concur.