**Bernard J. SCOTT, Plaintiff,**

v.

**The STATE PILOTAGE COMMISSION, et al., Defendants.**

**Civil Action No. 96–0033–RV–S.**

United States District Court,
S.D. Alabama,
Southern Division.

May 1, 1996.

Robert S. Edington, Mobile, AL, for plaintiff.

David A. Bagwell, Mobile, AL, for defendants.

Alex F. Lankford, Mobile, AL, for intervenor-defendant.

### *ORDER*

VOLLMER, District Judge.

Plaintiff Bernard Scott ("Scott") claims that he was wronged when he was not selected by the State Pilotage Commission to be placed on a Register of Applicants as an initial step towards his becoming licensed as a bar pilot by the State of Alabama. Scott initiated his action in Mobile County Circuit Court in November 1995. After he amended his complaint to include federal claims for relief, defendants State Pilotage Commission, E. Roberts Leatherbury, Robert A. Guthans, and Captain John Gray, timely removed the case to this court, invoking this court's federal question and pendent jurisdictions.[1]

Promptly following removal, defendants filed the following potentially-dispositive motions: a "motion to dismiss counts one and two for lack of subject matter jurisdiction" (tab 4), a "motion ... for judgment on the pleadings on count three" (tab 5), a "motion for judgment ... upon the administrative record pursuant to Ala.Code § 41–22–20(k) on counts one, two and all state law issues on count four" (tab 6), a "motion to dismiss claims under 42 U.S.C. § 1983 for failure to state a claim upon which relief can be granted" (tab 9), a "motion for judgment on the pleadings in favor of all defendants on all claims under 42 U.S.C. § 1983" (tab 10), a "motion for summary judgment on all § 1983 claims" (tab 11; *see also* brief at tab 12), and a "motion of defendants for summary judgment on count three" (tab 15; *see also* brief at tab 16). The defendants also filed a "motion to strike jury demand as to counts one and two and any state law claims in count four" (tab 3).

By order dated February 21, 1996, the court stayed discovery in the case pending resolution of the foregoing motions. The court established deadlines for the submission by Scott of a consolidated response to the motions and for the submission of a reply brief by the defendants. The court also ordered the parties and proposed intervenors to refile in this court any motions that they filed in state court with respect to which a ruling was still desired.

Following the court's order, the proposed intervenors, Kirk Barrett, Pete Burns, and Patrick Wilson, all members of the Register of Applicants, filed motions to intervene (tab 34), joined in the defendants's potentially-dispositive motions (tabs 20, 22, 23, 24, 25, 26), joined in the defendants's motion to strike jury demand (tab 21), and refiled various potentially-dispositive motions that were originally filed in state court (tab 28 and 29). They also filed a "motion .. for summary judgment on counts one, two and four of the amended complaint" (tab 30; *see also* brief at tab 31). Although Scott was expressly given an opportunity to file an objection to the motions to intervene (*see* tab 32), he elected not to file anything in response. Those motions are due to be, and hereby are, **GRANTED.**

Scott filed a request for a TRO or for preliminary injunctive relief on April 8. The TRO was denied and, by order dated April 19, the request for preliminary injunctive relief was deemed moot.

Scott submitted a timely consolidated response to the potentially-dispositive motions of the defendants and intervenors on April 24. Defendants submitted their reply brief on April 26. All motions pending in the case are now ripe for the court's consideration.

This court shall only address the motion by the defendants and intervenors for summary judgment on Scott's claims under 42 U.S.C. § 1983. For the reasons that follow, it is clear that that motion is due to be granted. Since, in the absence of those claims, the court shall lack an independent basis of jurisdiction over the remaining state court claims, the court, pursuant to 28 U.S.C. § 1367(c)(1), (2), & (3) and in its discretion, shall not exercise supplemental jurisdiction over the state claims. Accordingly, those claims shall be remanded to the Circuit Court of Mobile County, Alabama.

### *Background*

It is not necessary to the disposition of Scott's § 1983 claims to recount all of the

---

1. Raymond W. Zielke and Robert M. Hope, recent appointees to the State Pilotage Commission, were recently substituted as defendants in place of defendants Leatherbury and Guthans.

events leading up to this litigation. Rather, it is sufficient to note the following:

Scott, an Alabama citizen and Mobile County resident, is a duly licensed Harbor Pilot in the Port of Mobile. He has been so licensed since November 1, 1988. On January 17, 1994, Scott filed an application to be placed on the Register of Applicants to be considered for appointment as an apprentice and, ultimately, for selection as a licensed Bar Pilot in the Port of Mobile. In July of that same year, the State Pilotage Commission selected three candidates for inclusion on the Register; Scott was not one of them.[2]

Scott contends that he was the most qualified applicant and should have been included on the Register. He principally charges that the Commission's failure to include him on the Register was arbitrary and capricious. He also maintains that the Commission failed to observe lawful procedures in making the selections.

Based solely on a review of the amended complaint, it appears that Scott is asserting three § 1983 claims. First, in connection with the Commission's selection of individuals for placement on the Register, Scott was deprived of *substantive* due process of law in violation of the Due Process Clause of the Fourteenth Amendment. Second, also in connection with the Commission's Register

decision, Scott was deprived of *procedural* due process of law in violation of the Due Process Clause of the Fourteenth Amendment. Third, Alabama Code § 33–4–30(b), which vests the Commission with sole authority to judge "the seniority and statutory qualifications of applicants to be apprenticed and branched," is unconstitutional because it deprives any court of jurisdiction over an action seeking judicial review of the non-constitutional administrative aspects of the Commission's proceedings. In his consolidated response to the defendants's potentially-dispositive motions, Scott addresses only the second and third of these claims.[3]

Defendants and intervenors contend that they are entitled to summary judgment on all three claims. They assert that (1) there is no substantive due process right not be to denied public employment, (2) the mere expectancy of public employment does not amount to a property interest to which procedural due process protections attach, and (3) the state has the authority to bar judicial review of non-constitutional administrative issues. The Commission defendants also raise qualified immunity as a defense to Scott's § 1983 claims for damages.

### Discussion

#### A. Standard of Review

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories,

---

2. The three-member State Pilotage Commission is a state agency established and maintained pursuant to Alabama Code § 33–4–1. The Commission's jurisdiction extends over the waters of Mobile Bay, among other places. Ala.Code § 33–4–10. The Commission is empowered "to make all necessary rules and regulations, regulating the piloting of ships and all watercrafts into and out of any harbor or seaport in the state of Alabama." Ala.Code § 33–4–11.

The Commission is authorized to select applicants to become apprenticed and branched as pilots. Ala.Code § 33–4–30(b). The Commission is the "sole judge of the seniority and statutory qualifications of applicants...." *Id.* The total number of apprentices or pilots who may exist at one time is committed "to the reasonable discretion" of the Commission; however, "[a]t no time shall there exist more apprentices or pilots than are reasonably necessary to meet the requirements of commerce ..." Ala.Code § 33–4–30(a).

The Commission is authorized to establish and maintain a Register of Applicants from which individuals may be selected to become appren-

tices. Ala.Code § 33–4–31(a). By law, the Register may include up to nine applicants. *Id.* Applicants for apprenticeship from the register of applicants will be considered by the commission for apprenticeship in order of their seniority which shall be based upon the date of completion of all requirements to be a bar pilot except apprenticeship, application to be a pilot, passage of the commission's written examination and branch.... Ala.Code § 33–4–31(b). "No Mobile bay or bar pilot apprentice shall be discharged except for cause, and any such apprentice or boatkeeper so discharged may appeal from such discharge to the commission...." Ala.Code § 33–4–33.

3. Scott includes one reference to equal protection in his amended complaint and one in his consolidated response to the defendants' potentially-dispositive motions. He makes no argument relative to equal protection and, in the court's opinion, the isolated reference to it in the amended complaint is insufficient to state an equal protection claim.

and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c); *see Rice v. Branigar Organization, Inc.,* 922 F.2d 788, 790 (11th Cir.1991). The clear language of Rule 56(c) "mandates the entry of summary judgment, after adequate time for discovery, and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to the party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986).

> The party moving for summary judgment bears the initial burden to show the district court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial. Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment.

*Clark v. Coats & Clark, Inc.,* 929 F.2d 604, 608 (11th Cir.1991) (Cox, J.); *see Mercantile Bank & Trust, Ltd. v. Fidelity & Deposit Co.,* 750 F.2d 838 (11th Cir.1985). At all times, however, the court must view the evidence in the light most favorable to the non-moving party, drawing all reasonable inferences and resolving all reasonable doubts in its, her, or his favor. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986); *Adickes v. S. H. Kress & Co.,* 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Barnes v. Southwest Forest Industries, Inc.,* 814 F.2d 607, 609 (11th Cir. 1987).

**B.** ***Procedural and Substantive Due Process***

■ A plaintiff has two essential proof requirements in an action brought under 42 U.S.C. § 1983: (1) he must show that the defendant was a person acting under color of state law when he *committed the acts alleged* or failed to perform a duty as alleged, and (2) that such conduct deprived the plaintiff of some right, privilege, or immunity guaranteed by the constitution or laws of the United States. 42 U.S.C. § 1983; *Parratt v. Taylor,* 451 U.S. 527, 535, 101 S.Ct. 1908, 1912–13, 68 L.Ed.2d 420 (1981), *overruled in part on other grounds, Daniels v. Williams,* 474 U.S. 327, 328, 106 S.Ct. 662, 663, 88 L.Ed.2d 662 (1986), and *Davidson v. Cannon,* 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). Section 1983 creates no substantive rights; rather, it provides a remedy for deprivations of rights established elsewhere in the Constitution or federal laws. *Baker v. McCollan,* 443 U.S. 137, 144 n. 3, 99 S.Ct. 2689, 2694 n. 3, 61 L.Ed.2d 433 (1979). In this case, the court shall assume that the defendants acted under color of state law at all times material to this action.

■ The court shall address Scott's procedural due process claim first. The Fourteenth Amendment to the United States Constitution protects persons against deprivations of "life, liberty, or property" without due process of law. A *sine qua non* of a due process claim is that the plaintiff has a recognized "life, liberty, or property" interest within the purview of the Fourteenth Amendment, *Board of Regents v. Roth,* 408 U.S. 564, 571, 92 S.Ct. 2701, 2706, 33 L.Ed.2d 548 (1972), of which the defendants intentionally or recklessly deprived him.[4] *Daniels,* 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662. "The Fourteenth Amendment's procedural protection of property is a safeguard of the security of interest that a person has already acquired in specific benefits." *Roth,* 408 U.S. at 576, 92 S.Ct. at 2708. "For an individual to have a property interest, the individual must have a legitimate claim of enti-

---

**4.** In this case, Scott does not address the nature of the interest of which the defendants allegedly deprived him. Clearly, a "life interest" is not implicated. Contemplated within the term "liberty interest" is the right of an individual to practice any of the common occupations of life. *See Shaw v. Hospital Auth. of Cobb Co.,* 507 F.2d 625, 628 (5th Cir.1975). Scott, however, has not set forth any facts suggesting that the defendants

have foreclosed the possibility that he might pursue his chosen profession. *See, e.g., Cafeteria & Restaurant Workers v. McElroy,* 367 U.S. 886, 896, 81 S.Ct. 1743, 1749, 6 L.Ed.2d 1230 (1961). The court, thus, shall confine its inquiry to whether Scott was deprived of a "property" interest within the purview of the Fourteenth Amendment.

tlement to the property interest." *Key West Harbour v. City of Key West,* 987 F.2d 723, 727 (11th Cir.1993) (citing *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709). "Property interests 'are defined by existing rules or understandings....'" *Id.* (quoting *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709).

The first inquiry for section 1983 is whether the defendant deprived the plaintiff of a constitutionally protected property right.... State law defines the parameters of a plaintiff's property interest for purpose of section 1983.... Whether [Alabama] law has created a property interest is a legal question for the court to decide.

*Id.* (citations omitted).

■ A protected property interest in an application to be included on a Register of Applicants from which individuals are selected to apprentice as bar pilots exists only where a person has "a legitimate claim of entitlement to it." *Roth,* 408 U.S. at 577, 92 S.Ct. at 2709. The source of such a claim of entitlement may arise from a state statute, a local ordinance, a rule, or a mutually explicit understanding. *Perry v. Sindermann,* 408 U.S. 593, 601, 92 S.Ct. 2694, 2699–2700, 33 L.Ed.2d 570 (1972). "Whatever the source, however, 'the sufficiency of the claim of entitlement must be decided by reference to state law.'" *Torjusen v. The State of Mississippi,* Civ. Action No. 1.93 cv 160 BrR, 1995 WL 865479 (S.D.Miss. March 15, 1995) (quoting *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976)).

■ The defendants and intervenors contend that no one has a property interest in being placed on the Register of Applicants. Scott has pointed to no state law authority (including any rule or local custom) suggesting that he has a property interest in being placed on the Register, and the court is aware of none. The statutory scheme governing the branching of pilots does not give rise to such an interest, *see supra* at note 2, and the Alabama Administrative Procedure Act similarly does not do so. *See* Ala.Code § 41–22–1 *et seq.* Moreover, the Alabama

Supreme Court has held that a unilateral expectation of potential employment does not give rise to a constitutionally-protected property interest. *Mountain v. Collins,* 430 So.2d 430, 432–33 (Ala.1983).

Scott's interest in being placed on the Register of Applicants was nothing more than a mere unilateral expectation of becoming an apprentice. That expectation is insufficient to give rise to a constitutionally-protected property interest. Without such a protected interest, Scott could not have been deprived of property without due process of law, even assuming that Scott did not receive "due process." Accordingly, defendants and intervenors are entitled to summary judgment on Scott's procedural due process claim.

■ The defendants and intervenors also are entitled to summary judgment on Scott's substantive due process claim. The law in the Eleventh Circuit is clear: individuals, including Scott, do not have a *substantive* due process right not to be denied public employment. *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994) (*en banc* ).

### C. *Unconstitutionality of State Statute*

■ With respect to this last claim, the court assumes Scott's position to be that it is unconstitutional for a state to vest a state agency with exclusive authority to determine certain administrative issues (in this case, to judge who among applicants on the Register may apprentice or branched). The statute at issue, Alabama Code § 33–4–30(b) does not and, indeed, could not, divest this court or any other from addressing constitutional claims arising out of the Commission's activities.

Assuming the statute applies to this case,[5] the court has been unable to find any precedent to the effect that it is unconstitutional for a state to bar judicial review of non-constitutional issues. Indeed, federal courts repeatedly have upheld federal statutes that preclude federal courts from exercising jurisdiction over agency appeals or other agency matters. *See, e.g., V.N.A. of Greater Tift*

5. The statute appears to apply only to decisions made by the Commission about individuals who already are included on the Register of Applicants. Scott has never been on the Register; thus, it appears that the statute may have no application to this case.

**1146**

County, Inc. v. Heckler, 711 F.2d 1020, 1024–26 (11th Cir.1983), cert. denied, 466 U.S. 936, 104 S.Ct. 1908, 80 L.Ed.2d 457 (1984); Kiser v. Johnson, 404 F.Supp. 879 (M.D.Pa.1975). If federal courts can preclude judicial review of administrative matters, most certainly the states may do so as well. The statute at issue is constitutional, and the defendants and intervenors are entitled to summary judgment on this claim.[6]

### Conclusion

In light of the foregoing, the court concludes that defendants and intervenors are entitled to summary judgment on Scott's § 1983 claims. Accordingly, **FINAL JUDGMENT** is hereby entered on those claims in favor of the defendants and intervenors and against Scott. Scott shall have and recover **NOTHING** from the defendants on his § 1983 claims, and those claims are hereby are, **DISMISSED with prejudice.**

Since there are no claims remaining over which this court has original jurisdiction, and in light of the State's compelling interest in the remaining state law claims, the court hereby exercises its discretion under 28 U.S.C. § 1367(c)(1), (2), & (3) not to exercise supplemental jurisdiction over Scott's remaining claims for relief. Accordingly, this case is hereby **REMANDED** to the Circuit Court of Mobile County, Alabama. No costs shall be taxed.

---

**6.** Of course, what precisely is barred in this case—review of the Commission's entire process for selecting Register members or simply the Commission's ultimate and narrow decision to choose one individual applicant from among several qualified ones—is not for this court to determine. That issue, in the court's opinion, is for the state court to address, if at all, on remand.

In light of the court's disposition of Scott's § 1983 claim, the court finds it unnecessary to address the Commission defendants's qualified immunity defense.