CRAWLEY, Judge.
Bernard Scott petitioned the Mobile Circuit Court for a writ of mandamus directed to the State Pilotage Commission. Scott asked the court to order the Commission to place him on the register of applicants to be bar pilots. The Commission moved to dismiss the action, arguing that the court had no subject matter jurisdiction over Scott’s claims because (1) Ala.Code 1975, § 33-4-30(b), divests all courts of. jurisdiction over the Commission’s actions in selecting applicants to be placed on the register, to be apprenticed, or to be branched[1]; and (2) Scott failed to follow the requirements of the Alabama Administrative Procedure Act (AAPA) that his appeal of the agency’s action be filed within 30 days of notice of the agency’s final decision. See Ala.Code 1975, § 41-22-20(d). The court dismissed the action. Scott appeals, arguing that the trial court does have subject matter jurisdiction. We affirm the dismissal.
The Commission’s duties include compiling a register of no more than nine applicants from which will be chosen apprentices for the bar pilot position. Ala.Code 1975, § 33-4-31 (“the commission shall when necessary maintain a register of applicants”). In July 1994, in anticipation of the need for new apprentices' for the bar pilot position in the next several years, the Commission compiled a list of three names. Scott objects to this register because he was not included despite his experience and what he considers to be obvious “seniority.”
The Commission first argues that Ala. Code 1975, § 33-4-30(b), divests the courts of this state of jurisdiction over the actions of the Commission. The original statute' was amended in 1990 to read as follows: “[T]he commission shall be the sole judge of the seniority and statutory qualifications of applicants to be apprenticed and branched.” § 33-4-30(b). The Commission argues that the statute was amended in response to the decision in Ex parte State Pilotage Commission, 496 So.2d 780 (Ala.1986), and was intended to prevent the courts of this state from substituting, for the judgment of the Commission, their judgment concerning the qualifications of applicants to be bar pilots. Although the amendment may have intended to achieve just that result, the AAPA provides:
“If any other statute in existence on the date of the passage of this chapter or thereafter enacted diminishes any right conferred upon a person by this chapter or diminishes any requirement imposed upon an agency by this chapter, this chapter shall take precedence unless the other statute expressly provides that it shall take precedence over all or some specified portion of this named chapter.”
Ala.Code 1975, § 41-22-25(a) (emphasis added). Section 33-4-30(b) does not “expressly provide[ ] that it shall take precedence over” the AAPA or any part of the AAPA; therefore, the AAPA must take precedence over the statutes giving the Commission its powers and the Commission is subject to the provision of the AAPA. The courts, then, can review the decisions of the Commission in contested cases under the provisions for appeal outlined in the AAPA.
However, although we find that the Commission’s actions are covered by the AAPA, we cannot agree that Scott’s failure to appeal within the time limit imposed by the AAPA bars his mandamus petition. Al *199 though an appeal from the decision of an administrative agency is statutory and the time allowed for that appeal must be strictly observed, Ala.Code 1975, § 41-22-20(d); Ex parte Crestwood Hospital & Nursing Home, Inc., 670 So.2d 45, 48 (Ala.1995), such an appeal is available only from an agency’s action in a contested case, Ala.Code 1975, § 41-22-20(a). The selection of applicants to be placed on the register is not included in the definition of a “contested ease.”
A “contested ease” is defined as a “proceeding, including but not restricted to ... licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for a hearing.” Ala.Code 1975, § 41-22-3(3) (emphasis added). Although the denial of a license is considered a contested case under the AAPA, see also Ala.Code 1975, § 41-22-19(a), Scott’s expectation of being named to the register is not the denial of a license and cannot be considered a contested ' case on that basis.[2] ’ In addition, the Commission is not required by any of the statutes outlining its duties to hold a hearing before determining which applicants should be placed on its register. In the absence of statutory requirements to the contrary, an agency is required to provide a due process hearing only when a person’s liberty interest or property interest is jeopardized by the actions of the agency. Board of Regents v. Roth, 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972).
A liberty interest includes “not merely the right of freedom from bodily restraint but also the right of the individual ... to engage in any of the common occupations of life.” Roth, 408 U.S. at 572, 92 S.Ct. at 2706-07, 33 L.Ed.2d at 558; see also Mountain v. Collins, 430 So.2d 430, 432 (Ala.1983). However, the United States Supreme Court limited the breadth of the term “liberty interest” in an employment situation by stating: “It stretches the concept too far to suggest that a person is deprived of ‘liberty’ when he simply is not rehired in one job but remains as free as before to seek another.” Roth, 408 U.S. at 575, 92 S.Ct. at 2708, 33 L.Ed.2d. at 560. The mere fact that Scott was not placed on the register for prospective employment as a bar pilot does not “seriously damage his standing ... in his community,” nor does it “impose on him a stigma or other disability that foreclosed his freedom to take advantage of other employment opportunities.” Id. at 573, 92 S.Ct. at 2707, 33 L.Ed.2d at 558-59. Just as in Roth, where a nontenured instructor was entitled to seek employment in another university, Scott, an experienced seaman, is entitled to pursue other employment besides the bar pilot position he seeks. In addition, the Alabama Supreme Court has applied Roth to a case involving an applicant for a position as a victim/witness assistant. Mountain, 430 So.2d at 432. Mountain, the plaintiff, alleged that she had been deprived of a liberty interest when she was not selected for the position although she had been highly ranked by the interviewers. Id. Tlie court held that, under the law as expressed in Roth, Mountain did not have a liberty interest in being hired for that particular job and that “her freedom to pursue any other job of her choice ha[d][not] been impaired.” Id. Accordingly, we conclude that Scott does not have a liberty interest in being placed on the register.
To have a property interest in a benefit that will require procedural due process protection, a person “must have more than a unilateral expectation of [that benefit]. He must, instead, have a legitimate claim of entitlement to it.” Roth, 408 U.S. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. In Roth, which concerned whether a nontenured university instructor was entitled to a hearing if he was not rehired, the United States Supreme Court also explained:
“Property interests, of course, are not created by the Constitution. Rather, they are *200 created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law — rules or understandings that secure certain benefits and that support claims of entitlement to those benefits.”
Id. at 577, 92 S.Ct. at 2709, 33 L.Ed.2d at 561.
Scott, like the instructor in Roth, has no property interest at issue. The instructor had no property interest in a second term because the terms of his employment made no provision concerning renewal of his one-year contract. Id. at 578, 92 S.Ct. at 2709, 33 L.Ed.2d at 561. Likewise, Scott is like the plaintiff in Mountain, who alleged that she had a property interest in the position as a victim/witness assistant. Mountain, 430 So.2d at 432. The Alabama Supreme Court pointed out that property interests are defined by state law and that the Board of Commissioners of the City of Tuscaloosa (the hiring body in Mountain’s case) had followed an in-house, informal hiring system that did not require it to be bound by the opinions of the interviewers. Id. Under the rule of law established in Roth, in order to have the right to procedural due process, and thus a hearing, Scott must prove that he is entitled to a place on the register. Therefore, Scott must be able to point to a state law, a Commission rule, or some other basis for his understanding that he is entitled to be placed on the register.
While we sympathize with the frustration Scott must feel about not being included on the register, we cannot find any statute or rule pertaining to the Commission’s selection of those persons it places on the register. The Legislature has addressed only the requirements necessary for licensing as a bar pilot. Ala.Code 1975, § 33-4-34. Clearly, the Legislature has the power to create different classes of persons, one with an entitlement and one without, as it has done in the case of tenured and nontenured teachers. See Ala.Code 1975, § 16-24-2; Talladega City Board of Education v. Yancy, 682 So.2d 33 (Ala.1996). If the Legislature or the Commission had, by statute or rule, set out requirements or procedures governing how persons are placed on the register, the Commission would be “bound to follow the appropriate statute [or rule].” Ex parte State Pilotage Commission, 496 So.2d 780, 785 (Ala.1986). However, nothing in the statutes governing the actions of the Commission gives Scott any entitlement to be named to the register.
Scott argues that § 33^1-34 establishes a procedure for determining which applicants should be named to the register. His argument is centered on the premise that § 33-4-34 requires that an applicant complete all of the requirements listed in that statute to qualify for placement on the register. In addition, Scott argues that § 33-4-34 requires the Commission to place at the top of the register the first applicant to complete all the necessary requirements, so as to rank the applicants by seniority.
However, the requirements of § 334f-34 do not apply to the selection of applicants for the register. That statute applies only to the process by which the Commission must license bar pilots. Although those persons on the register are typically ranked by seniority, the only time seniority becomes an issue is when the Commission must determine which apprentice is the senior apprentice and is therefore next in line to be licensed. § 33-4-34(1). The Commission’s own “Summary of Process of Selection of Mobile Bar Pilots” makes it clear that the Commission views the register as an administrative convenience and that, in its discretion, it may delete the entire register, update it, or replace persons already on the register. In addition, that publication indicates that an applicant is not required, at the time he is placed on the register, to have completed all requirements necessary to become a bar pilot. No other requirements or procedures used in the selection of applicants to be included on the register are set out anywhere in the record.
Scott has not been denied a license, and he does not have a liberty interest or property interest that would entitle him to be named to the register. Therefore, his situation does not fall within the definition of a “contested case” under the AAPA. Because Scott’s situation is not a contested case, he does not have the right to an appeal under the AAPA; and, because Scott does not have the right to *201 an appeal, the 30-day time limit for appeal does not apply to him. Accordingly, the trial court could not have-legally based its dismissal on the argument that Scott failed to appeal within 30 days. The trial court had subject matter jurisdiction over Scott’s petition for the writ of mandamus.
Although the trial court had subject matter jurisdiction over Scott’s mandamus petition, we conclude that any error in the dismissal is harmless, Ala.R.App.P., Rule 45, because Scott is not entitled to the relief he seeks. “Mandamus is a drastic and extraordinary writ which will not be issued unless a petitioner has a clear and indisputable light to a particular result.” Ex parte Tampling Tile Co., 551 So.2d 1072, 1074 (Ala.Civ.App.1989). Generally, a writ of mandamus will not lie to compel the performance of a discretionary function. Professional Check Service, Inc. v. Dutton, 560 So.2d 755, 758 (Ala.1990). More correctly, “mandamus/although it will lie to compel an exercise of discretion, will not lie to compel the exercise of discretion in a particular manner absent an abuse of that discretion.” Fields v. State ex rel. Jones, 534 So.2d 615, 616 (Ala.Civ.App.1987).
Scott did not show that he is entitled to the relief he seeks. Because he does not have a clear and indisputable right, his petition for the writ of mandamus should have been denied. Therefore, although the circuit court had jurisdiction, in the interest of judicial economy we affirm the dismissal.
AFFIRMED.
ROBERTSON, P.J., and YATES and THOMPSON, JJ., concur.
MONROE, J., concurs in the result.

. A "branch" was the old English term for a bar pilot’s license. In its "Summary of Process of Selection of Mobile Bar Pilots,” the Commission explained, "[a] pilot's license has traditionally been called a 'branch'. The term arose in England, where Trinity House licensed pilots- for the River Thames and all its branches, and a licensed pilot was called a 'branch pilot'.” The Alabama Code uses various forms of the word to refer to the bar pilots license or the process of licensing. See, e.g., Ala.Code 1975, §§ 33-4-31, 33-4-34, and 33-4-37.

. A contested case concerning an agency’s licensing procedure would include, for example, a situation in which a person’s license to practice dentistry is revoked. See, generally, Delavan v. Board of Dental Examiners, 620 So.2d 13 (Ala.Civ.App.1992). In such a case, a hearing is required by law because a person’s liberty interest or property interest, in this example; the license to practice dentistry, is being threatened by an agency’s action. See Delavan, 620 So.2d at 16.