THOMPSON, Judge.
Robert E. Barry brought suit against the State Pilotage Commission (“Commission”) contesting the removal of his name from a register of applicants to be bar pilots in Mobile Bay. The Circuit Court granted the Commission’s motion to dismiss for lack of subject matter jurisdiction. We affirm.
On August 22,1991, the Commission set up a register of applicants (“register”) for the position of apprentice to the bar pilots pursuant to. § 33-4-31(a), Ala.Code 1975. The Commission selected eight people for the register from a pool of 15 applicants. Barry was one of the people selected for the register.
In the Spring of 1994, the Commission, .now consisting of a majority of new members, inquired as to how the 1991 register had been comprised. The Commission concluded that it lacked sufficient information to defend the prior selection process and on June 28,1994, it rescinded the register. The Commission then established a new register consisting of three applicants. Barry was not on the new register. Barry sued the Commission in circuit court.
The Commission argued two points before the trial court in support of its motion to dismiss.
First, the Commission claimed that the legislature in creating the Commission specifically divested the court system of any jurisdiction over questions concerning the selection of applicants for the register. Section 33-4-30(b), Ala.Code 1975, provides that:
“The Commission shall be the sole judge of the seniority and statutory qualifications of • applicants to be apprenticed and branched.”
The Commission also asserted that the Alabama Administrative Procedure Act (“Act”) applied to the grant or denial of a license; Under the Act, an aggrieved person may seek judicial review, but he is required first to filé a notice of appeal with the agency. He must also petition for judicial review in the Circuit Court within 30 days after the filing of the . notice of appeal. According to the Commission, Baker had not complied with either of these provisions of the Act. In its order dismissing the matter, the trial court stated:
“This case having come on upon the motion to dismiss for lack of subject matter jurisdiction, being directed to the entire case, and after having received and *1235 considered briefs and oral argument thereon, it is therefore ORDERED, ADJUDGED and DECREED that this entire case, and all claims in it, be and it is and they are DISMISSED for lack of subject matter jurisdiction.”
The facts in this case are quite similar to the facts in Bernard J. Scott v. State Pilotage Commission, et al., 699 So.2d 196 (Ala.Civ.App.1997). Although Barry was on a register and subsequently removed from the register while Scott was never on the register, we concur with the legal reasoning in Scott because Barry had no property right to a position on the register. Therefore, we affirm on the authority of Scott.
AFFIRMED.
ROBERTSON, P.J., and YATES, MONROE, and CRAWLEY, JJ., concur.