THOMPSON, Presiding Judge.
Phillip Brady III appeals from the judgment of the Mobile Circuit Court purporting to dismiss his civil action on the ground that the circuit court lacked subject-matter jurisdiction to consider the decision of the State Pilotage Commission (“the commission”) to discharge Brady as an apprentice bar pilot.
A “bar pilot” is a locally based ship’s captain who, in Alabama, guides ships between the “bar” at the mouth of Mobile Bay and the Port of Mobile and pilots ships up and down the shipping channel. Rule 710-X-1-.01(1), Ala. Admin. Code (State Pilotage Comm’n). The three-member commission regulates certain aspects of the occupation of bar pilot, including how many bar pilots there should be at any one time. It also manages the application and apprenticeship process, it grants or denies a bar pilot’s “branch” or license,[1] and, if need be, it can suspend or revoke a bar pilot’s branch. Rule 710-X-1 — .01(2) and (4), Ala. Admin. Code (State Pilotage Comm’n).
The parties’ pleadings in this case indicate the following. On May 20, 2008, Brady was placed on the commission’s “Register of Applicants,” which allowed him to begin training to become a branched bar pilot. On March 19, 2009, the commission designated Brady as an apprentice. In 2011, Brady was the senior apprentice.
In either April or May 2014, what Brady says was a “group” of bar pilots signed a letter requesting that the commission evaluate Brady’s status as an apprentice.[2] On July 25, 2014, the commission completed its evaluation of Brady and discharged him from serving as an apprentice. On October 31, 2014, Brady filed an appeal -with the commission pursuant to § 33-4-33, Ala.Code 1975, requesting that he be reinstated to his position as senior apprentice.[3] *1138 On December 16, 2014, the commission notified Brady by letter that it had denied his appeal. According to the complaint, the commission’s letter, which is not included in the record before us, did not explain how the commission reached the decision to deny Brady’s appeal.
On January 14, 2015, Brady appealed the commission’s decision to the circuit court. Brady contended that, based on his status as an apprentice, he had an expectation of receiving a branch when the next bar-pilot position became available and, further, that he had a “statutory right to retain his seniority” on the list of apprentices.
On April 24, 2015, Brady filed an amended complaint in which he sought a temporary restraining order against the commission to prevent it from branching an apprentice pilot who Brady said had less seniority than he did. Brady contended that, as the senior apprentice, he was legally entitled to receive the next branch the commission issued. Four days later, on April 28, 2015, Brady filed a second amended complaint in which he asked the circuit court to issue a writ of mandamus directing the commission to rescind a branch it had issued to a person he called a “junior apprentice.”
On April 28, 2015, a hearing was held on Brady’s request for a temporary restraining order. A transcript of the hearing does not appear in the record on appeal. On April 30, 2015, the circuit court entered an order stating that, at the April 28, 2015, hearing, Brady’s attorney had represented to the circuit court that Brady had filed his second amended complaint, containing his request for the issuance of a writ of mandamus, and that his request for a temporary restraining order was moot. Accordingly, the circuit court entered an order denying the request for a temporary restraining order as moot.
The commission filed motions seeking the dismissal of Brady’s various complaints. One of the commission’s primary arguments in support of its position that Brady’s appeal to the circuit court was due to be dismissed was that the commission was the “sole judge” of seniority and branching questions. As long as an apprentice has not completed all the requirements needed for branching, the commission said, the commission remains the only entity with the authority to decide whether an apprentice is qualified to become branched. The commission asserted that Brady’s removal from the list of apprentices did not fall within the scope of a “contested case” subject to the Alabama Administrative Procedure Act (“the AAPA”), § 41-22-1 et seq., Ala.Code 1975, which governs judicial review of state-agency decisions. Therefore, the commission argued, the circuit court did not have jurisdiction over the matter.
On May 14, 2015, a hearing was held on the remainder of Brady’s allegations and requests for relief. Again, a transcript of that hearing is not included in the record. On May 21, 2015, the circuit court entered a judgment agreeing with the commission that Brady’s discharge did not constitute a “contested case” under the AAPA. The circuit court also determined that, because Brady had not yet completed the requirements that would make him eligible to obtain a branch or license, Brady’s appeal did not involve a “licensing issue” or a liberty or property interest that would invoke the circuit court’s jurisdiction. Accordingly, the circuit court concluded that it did not have jurisdiction over Brady’s appeal and dismissed the case.
Brady filed a timely notice of appeal to the Alabama Supreme Court, which transferred the appeal to this court pursuant to § 12-3-10, Ala.Code 1975. That statute provides that this court has exclusive ap *1139 pellate jurisdiction over all appeals from administrative agencies other than the Alabama Public Service Commission.
Brady argues that the circuit court erred in dismissing his appeal based on its determination that it did not have subject-matter jurisdiction. Specifically, Brady contends that this matter is a contested ease under the AAPA; thus, he argues, he had the right to appeal the commission’s decision to the circuit court.
The commission moved to dismiss Brady’s appeal pursuant to Rule 12(b)(1), Ala. R. Civ. P., challenging the jurisdiction of the circuit court to hear this matter. In Ex parte Safeway Insurance Co. of Alabama, Inc., 990 So.2d 344, 349-50 (Ala. 2008), our supreme court quoted favorably an opinion of the United States District Court for the District of Columbia, which provided a discussion of the two types of challenges to jurisdiction a defendant can assert by a motion filed pursuant to Rule 12(b)(1), Fed.R.Civ.P., which is comparable to Rule 12(b)(1), Ala. R. Civ. P.:
“‘Once a defendant has moved to dismiss a case pursuant to Rule 12(b)(1), “the plaintiff bears the burden of establishing the factual predicates of jurisdiction by a preponderance of the evidence.” Erby v. United States, 424 F.Supp.2d 180, 182 (D.D.C.2006) (citing Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)); see also Al-Owhali v. Ashcroft, 279 F.Supp.2d 13, 21 (D.D.C.2003) (Walton, J.) (“Throughout the Court’s jurisdictional inquiry, it is plaintiffs burden to establish that the Court has jurisdiction.”). “The [Cjourt, in turn, has an affirmative obligation to ensure that it is acting within the scope of its jurisdictional authority.” Abu Ali v. Gonzales, 387 F.Supp.2d 16, 17 (D.D.C.2005) (internal quotations omitted).
“ ‘A court ruling on a Rule 12(b)(1) motion to dismiss “may consider documents outside the pleadings to assure itself that it has jurisdiction.” Al-Owhali, 279 F.Supp.2d at 21; see also Haase v. Sessions, 835 F.2d 902, 906 (D.C.Cir.1987) (“In 12(b)(1) proceedings, it has been long accepted that the judiciary may make appropriate inquiry beyond the pleadings to satisfy itself on [its] authority to entertain the case.” (internal citations and quotation marks omitted)). The level of scrutiny with which the Court examines the allegations in the complaint that support a finding of jurisdiction, however, depends upon whether the motion to dismiss asserts a facial or factual challenge to the court’s jurisdiction. See I.T. Consultants v. Pakistan, 351 F.3d 1184, 1188 (D.C.Cir.2003).
“ ‘Facial challenges, such as motions to dismiss for lack of standing at the pleading stage, “attack[] the factual allegations of the complaint that are contained on the face of the complaint.” Al-Owhali, 279 F.Supp.2d at 20 (internal quotation marks and citation omitted). “If a defendant mounts a ‘facial’ challenge to the legal sufficiency of the plaintiffs jurisdictional allegations, the court must accept as true the allegations in the complaint and consider the factual allegations of the complaint in the light most favorable to the non-moving party.” Erby, 424 F.Supp.2d at 181; see also IT Consultants, 351 F.3d at 1188. The court may look beyond the allegations contained in the complaint to decide a facial challenge, “as long as it still accepts the factual allegations in the complaint as true.” Abu Ali, 387 F.Supp.2d at 18; see also Jerome Stevens Pharm., Inc. v. Food & Drug Admin., 402 F.3d 1249, 1253-54 (D.C.Cir.2005) (“At the pleading stage *1140 .... [w]hile the district court may consider materials outside the pleadings in deciding whether to grant a motion to dismiss for lack of jurisdiction, the court must still accept all of the factual allegations in the complaint as true.” (internal citations and quotation marks omitted)).
“‘Factual challenges, by contrast, are “addressed to the underlying facts contained in the complaint.” Al-Owhali, 279 F.Supp.2d at 20. Where a defendant disputes the factual allegations in the complaint that form the basis for a court’s subject matter jurisdiction, “the court may not deny the motion to dismiss merely by assuming the truth of the facts alleged by the plaintiff and disputed by the defendant.” Phoenix Consulting, Inc. v. Republic of Angola, 216 F.3d 36, 40 (D.C.Cir.2000). Instead, a court deciding a Rule 12(b)(1) motion asserting a factual challenge “must go beyond the pleadings and resolve any disputed issues of fact the resolution of which is necessary to a ruling upon the motion to dismiss.” Id. In such situations, “the plaintiffs jurisdictional averments are entitled to no presumptive weight; the court must address the merits of the jurisdictional claim by resolving the factual disputes between the parties.” Erby, 424 F.Supp.2d at 181 (internal quotations omitted); see also Mortensen v. First Fed. Sav. & Loan Ass’n, 549 F.2d 884, 891 (3d Cir.[1977]) (holding that a court ruling on a factual challenge to its jurisdiction is not required to accept the plaintiffs factual allegations as true, but rather “is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case ... and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims”).’ “Lindsey v. United States, 448 F.Supp.2d 37, 42-43 (D.D.C.2006). Thus, a Rule 12(b)(1) motion can allege either a facial challenge, in which the court accepts as true the allegations on the face of the complaint, or a factual challenge, which requires consideration of evidence beyond the face of the complaint.”
As mentioned, the burden of establishing the existence of a court’s subject-matter jurisdiction falls on the party invoking that jurisdiction. Crutcher v. Williams, 12 So.3d 631, 635 (Ala.2008).
In this case, the commission’s motion to dismiss appears to be a facial challenge to the circuit court’s jurisdiction to consider Brady’s appeal. The commission does not challenge any of the factual assertions contained in Brady’s complaint. Instead, it asserts that, based on Brady’s status as an apprentice, his removal from the list of apprentices was not, as a matter of law, a contested case for purposes of the AAPA. Therefore, the circuit court was required to accept as true the allegations in the complaint and to consider the factual allegations of the complaint in the light most favorable to Brady, the nonmoving party. Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So.2d at 349. However, the circuit court was entitled to consider materials beyond the allegations contained in the complaint to decide the facial challenge. Id.
Brady first contends that the circuit court erred in determining that it lacked subject-matter jurisdiction because, he says, the “order indicates that [the circuit court] based its decision upon facts when no evidence was taken or submitted in the record.” Brady also contends that the circuit court “disregarded the lawful standard of review and engaged in fact-finding that was wholly unsupported by the record.”
We have already concluded that the circuit court could properly consider materi- *1141 ais beyond the pleadings to determine whether it had subject-matter jurisdiction, as long as it took the allegations in Brady’s complaint as true. Ex parte Safeway Ins. Co. of Alabama, Inc., 990 So.2d at 349. The circuit court noted that the judgment was entered after consideration of “the materials on file,” the applicable law, and the arguments of the parties. As Brady recognizes, in making its determination, the circuit court explicitly relied on the April or May 2014 letter from the branch pilots, which Brady referred to in his complaint, and to “documents submitted by the Mobile Bar Pilots, LLC.” In the judgment, the circuit court noted that the bar pilots’ letter to the commission asking that the commission evaluate Brady’s position was signed by 9 of the 13 active bar pilots, information that is not contained elsewhere in the record. The circuit court also mentioned an “oral admission” that Brady had not completed all of the requirements that would make him eligible to be branched or licensed. The circuit court stated:
“Most importantly, was the failure to complete requirement (6) which requires the approval by the active Mobile Bar Pilots of a practical demonstration of safely piloting steamers and motor vessels of unlimited tonnage and tugs with tows. The demonstration is considered complete if two-thirds of the active pilots certify satisfactory completion.”
We note that the information recited in the judgment is not contrary to any of the allegations contained in Brady’s complaint.
The letter from the bar pilots, which the circuit court appears to have had before it, is not contained in the record on appeal. Similarly, the documents submitted by the bar pilots to which the circuit court referred are not contained in the record, and there are no transcripts of the arguments the parties made to the circuit court at the hearing on the issue of subject-matter jurisdiction. “It is the appellant’s duty to check the record and to ensure that a complete record is presented on appeal. Tarver v. State, 940 So.2d 312, 316 (Ala.Crim.App.2004).” Alabama Dep’t of Pub. Safety v. Barbour, 5 So.3d 601, 606 n. 1 (Ala.Civ.App.2008). “An error asserted on appeal must be affirmatively demonstrated by the record, and if the record does not disclose the facts upon which the asserted error is based, such error may not be considered on appeal.” Martin v. Martin, 656 So.2d 846, 848 (Ala.Civ.App.1995).
Brady, the appellant, failed to ensure that this court had a complete and correct copy of the record. Therefore, to the extent he now argues that the circuit court drew incorrect conclusions from the materials it had before it but that are not contained in the appellate record, we cannot find those conclusions in error.
Brady also contends that the circuit court erred in determining that it did not have subject-matter jurisdiction to consider his appeal of the commission’s decision to discharge him as an apprentice. Specifically, Brady argues that this is a contested ease under the AAPA, and, therefore, he says, he had the right to appeal the commission’s decision to the circuit court. In its judgment, the circuit court stated that the complaint in this case involves Brady’s removal from the list of apprentices and does not involve licensing issues. Therefore, the circuit court found, this case does not meet the definition of a “contested case” under the AAPA.
The eases the commission cited as authority for its contention that the discharge of an apprentice does not constitute a contested case involved the issue of whether a bar-pilot applicant should be placed on the register of applicants. The law is clear that the selection of applicants *1142 to be placed on the register is not included within the definition of a “contested case” under the AAPA. Scott v. State Pilotage Comm'n, 699 So.2d 196, 199 (Ala.Civ.App.1997); Barry v. State Pilotage Comm’n, 706 So.2d 1234 (Ala.Civ.App.1997). However, no opinions address whether removing someone from the list of apprentices constitutes a contested case.
Pursuant to the AAPA, a “contested case” is defined as
“[a] proceeding, including but not restricted to ... licensing, in which the legal rights, duties, or privileges of a party are required by law to be determined by an agency after an opportunity for hearing. The term shall not include intra-agency personnel actions .... ”
§ 41-22-3(3), Ala.Code 1975, (emphasis added).
“Licensing” under the AAPA is defined as the “agency process respecting the grant, denial, renewal, revocation, suspension, annulment, withdrawal, or amendment of a license or imposition of terms for the exercise of a license.” § 41-22-3(5), Ala.Code 1975.
Brady asserts that his rights to a hearing and a subsequent appeal to the circuit court are derived from § 33-4-33, Ala. Code 1975, which provides:
“No Mobile Bay or bar pilot apprentice shall be discharged except for cause, and any such apprentice or boatkeeper so discharged may appeal from such discharge to the commission, and should the commission upon an investigation find that such discharge was without sufficient cause, they may annul such discharge and reinstate such apprentice.”
Brady essentially argues that, because that statute provides that he could be discharged only for cause, the commission did not have the discretion to remove him from the list of apprentices. Therefore, Brady says, courts have the power to review whether the commission acted arbitrarily and capriciously in removing him from the list of apprentices.
The plain language of § 33-4-33 does not afford an apprentice the right to a hearing before the commission. Instead, it allows the commission to investigate whether an apprentice’s discharge was without sufficient cause. An investigation does not equate to a hearing. By way of comparison, we note that §§ 33-4-41 through -45, Ala.Code 1975, set forth the procedure the commission must follow before it can suspend or revoke a bar pilot’s branch. That procedure provides for a hearing at which the bar pilot has the right to an attorney and for which both the commission and the bar pilot have the right to subpoena witnesses.
This case does not involve a licensing issue, and there is no legal requirement that the commission may determine Brady’s legal rights, duties, or privileges only after providing him with an opportunity for a hearing. Thus, we conclude that the commission’s action in removing him from the list of bar-pilot apprentices did not constitute a contested case for the purposes of the AAPA. As the circuit court pointed out, Brady’s rights in this case were limited to those found in § 33-4-33, which allowed him to appeal only to the commission. Accordingly, we conclude that the circuit court did not err in determining that this was not a contested case under the AAPA.
We note that, on appeal to this court, Brady has not argued that he had a protected liberty or property interest in his job as an apprentice. Any argument that could have been made on appeal challenging the dismissal on those grounds is deemed waived. See Gary v. Crouch, 923 *1143 So.2d 1130, 1136 (Ala.Civ.App.2005) (“[TJhis court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived.”); see also Palmer v. Palmer, 192 So.3d 12 (Ala.Civ.App.2015) (same).
Brady also contends that, once he was promoted from the register of applicants to an apprentice, he obtained a legally protected right to be removed from the list of apprentices only for cause. The commission does not dispute that contention. However, pursuant to § 33-4-33, the legislature has determined that it is the commission’s prerogative to determine whether an apprentice was properly discharged for cause. As the commission points out, pursuant to § 33^-30(b), Ala.Code 1975, it “shall be the sole judge of the seniority and statutory qualifications of applicants to be apprenticed and branched.”
Additionally, Brady contends that the circuit court had subject-matter jurisdiction to issue a writ of mandamus and an injunction restoring him to the list of apprentices. However, we have already determined that the circuit court did not have subject-matter jurisdiction over this matter and that Brady had no right to judicial review of the commission’s action, which includes the circuit court’s ability to provide mandamus relief or injunctive relief. Whether a court has jurisdiction over a matter is not dependent on the type of relief requested but on the subject or type of case before it. See, e.g., Faulkner v. Univ. of Tennessee, 627 So.2d 362, 365 (Ala.1992) (“Stated simply, subject matter jurisdiction is the authority of a court to hear a given class of cases.”). Brady’s assertion that he can obtain through a request for a writ of mandamus or an injunction relief to which he is not entitled through appeal of the commission’s decision frustrates the very concept of subjects matter jurisdiction. Because the circuit court did not have subject-matter jurisdiction over this matter, it did not have the authority to grant Brady’s request for a writ of mandamus or for an injunction ordering that Brady’s name be placed back on the list of apprentices.
Finally, Brady contends that Ex parte State Pilotage Commission, 496 So.2d 780 (Ala.1986), authorized the circuit court to hear his case. That case is distinguishable from the instant case, however. In Ex parte State Pilotage Commission, the issue was whether the commission had acted properly in passing over the senior apprentice, who had met all of the requirements necessary to obtain a bar pilot’s branch, and instead issuing the branch to a junior apprentice who also had met all requirements. Our supreme court stated that § 33-4-34, Ala.Code 1975, required the commission to issue a bar pilot’s license to the candidate who was at the top of the seniority list according to the date of the candidate’s completion of all requirements of apprenticeship. Therefore, our supreme court held that, as a matter of law, the senior apprentice was to receive the available branch and that the commission did not have the discretion to pass over that person. Id. at 784-85.
Unlike Ex parte State Pilotage Commission, this case does not involve the issuance of a license or branch. Instead, it involves the discharge of an apprentice who had not yet fulfilled the requirements to be qualified to receive a license or branch. As discussed, the decision whether to discharge an apprentice lies solely with the commission. Thus, Ex parte State Pilotage Commission does not apply in this case.
Brady has failed to demonstrate that the circuit court erred in dismissing his appeal of the commission’s decision to discharge *1144 him as an apprentice or that the circuit court erred in refusing to issue a writ of mandamus or to grant an injunction. Accordingly, the judgment of the circuit is affirmed.
AFFIRMED.
PITTMAN, THOMAS, MOORE, and DONALDSON, JJ„ concur.

. Alabama statutes have always referred to a bar pilot’s license as a "branch.” The term dates back to the reign of King Henry VIII in England, when pilots were not permitted to navigate the River Thames or its tributary creeks or branches without a license. A licensed pilot became known as a branch pilot, the license was called a branch, and the licen-sure process became known as branching. Rule 710-X-1.01, note, Ala. Admin. Code (State Pilotage Comm'n).

. In its responsive pleading, the commission asserted that the letter was signed by a majority of current bar pilots.

.Ninety-eight days elapsed between the date of the commission's decision to discharge Brady and the date he filed an appeal from that decision. That delay appears to be excessive; however, § 33-4-33 does not set forth a time limit in which an appeal can be taken. No regulation governing the commission addresses the time in which a person may appeal from a decision removing him or her from the list of apprentices.