THOMPSON, Presiding Judge.
Robert Shannon Carswell, an inmate in the custody of the Alabama Department of Corrections, appeals from a judgment of the Montgomery Circuit Court ("the trial court") dismissing his action against the Alabama Board of Pardons and Paroles *48 and the State of Alabama (hereinafter collectively referred to as "the board"). In his action, which he characterized as one seeking a writ of habeas corpus, Carswell challenged the constitutionality of § 13A-8-52(a), Ala. Code 1975, which sets forth the penalty for a conviction for the criminal offense of "pharmacy robbery," which is defined in § 13A-8-51(2), Ala. Code 1975.[1] Section 13A-8-52(a) provides that, upon a conviction for pharmacy robbery, "the offender shall be imprisoned at hard labor for not less than 10 years nor more than 99 years and shall be ineligible for consideration for parole, probation or suspension of sentence."
The record before us indicates that Carswell was charged in Tallapoosa County with six counts of pharmacy robbery, among other offenses. Pursuant to a plea agreement, Carswell was convicted of one count of pharmacy robbery, for which he was sentenced to 25 years in prison, and one count of assault, for which he was sentenced to 4 years in prison. In his action, Carswell asserted that, because inmates with convictions for pharmacy robbery are barred from parole consideration, they are treated differently from inmates convicted of all other types of robbery, in violation of the Equal Protection Clause of the United States Constitution.
On October 7, 2016, the board filed a motion to dismiss Carswell's action on the grounds that a petition for a writ of habeas corpus was not the correct vehicle to challenge the constitutionality of § 13A-8-52(a), that Montgomery County was not the proper venue for the action, and that Carswell had failed to demonstrate that he was similarly situated to inmates convicted of other types of robberies and, further, that he had failed to show that the government does not have a rational basis for the different treatment.
On October 25, 2016, the trial court entered a judgment dismissing Carswell's action. In the judgment, the trial court stated that it was treating the petition for a writ of habeas corpus as a declaratory-judgment action. The trial court went on the conclude that Carswell "has fail[ed] to show that his 'pharmacy robbery' conviction makes him similarly situated as others convicted of other type 'robberies', and [Carswell] has failed to show that there is no rational basis for the State to treat 'pharmacy robbery' differently tha[n] other 'robberies.' " The State Judicial Information System ("SJIS") indicates that the action was dismissed without prejudice on October 25, 2016.
On November 2, 2016, Carswell appealed the dismissal of his action to the Alabama Court of Criminal Appeals, which transferred the appeal to this court. Because the action is in the nature of a declaratory-judgment action, we transferred the appeal to the Alabama Supreme Court based on lack of jurisdiction. Our supreme court then transferred the appeal to this court, pursuant to § 12-2-7(6), Ala. Code 1975.[2]
*49 On appeal, Carswell asserts that there is no legitimate reason for the prohibition of parole for "pharmacy robbers" when there is no prohibition of parole for other robbers of any other type of business, individual, or property. He also contends that there is no rational basis for the prohibition of parole set forth in § 13A-8-52(a). The argument Carswell makes in his appellate brief is based entirely on the merits of whether that statute violates the Equal Protection Clause. In his reply brief to this court, Carswell reiterates that this court should address the merits of whether § 13A-8-52(a) violates the Equal Protection Clause. However, based on the limited record before us, which consists only of Carswell's petition and the board's motion to dismiss and does not include affidavits or any other form of evidence from either party, this court cannot conduct a meaningful review of the merits of Carswell's action.
Carswell makes no argument to this court regarding the propriety of the judgment of dismissal under Rule 12(b), Ala. R. Civ. P. In other words, he makes no argument regarding whether his claim was sufficiently pleaded, whether, in his initial pleading, he stated a claim for which relief can be granted, or whether the trial court's dismissal was premature given the procedural posture of this matter, and he does not make any other argument as to whether the dismissal itself was proper. Any argument that Carswell could have made on appeal asserting that the trial court erred in dismissing his action is deemed waived. See Gary v. Crouch, 923 So.2d 1130, 1136 (Ala. Civ. App. 2005) ("[T]his court is confined in its review to addressing the arguments raised by the parties in their briefs on appeal; arguments not raised by the parties are waived."); see also Brady v. State Pilotage Comm'n, 208 So.3d 1136, 1142-43 (Ala. Civ. App. 2015).
Because Carswell asks this court to review the merits regarding the constitutionality of § 13A-8-52(a) but not the propriety of the dismissal of his action, this court has no choice but to affirm the trial court's judgment.
AFFIRMED.
Pittman, Thomas, Moore, and Donaldson, JJ., concur.

Section 13A-8-51(2) provides that "[a] person commits the offense of 'pharmacy robbery' under this article if in the course of committing a theft of any controlled substance as defined in Section 20-2-2[, Ala. Code 1975,] such person violates Section 13A-8-41[, Ala. Code 1975]." Section 13A-8-41[, Ala. Code 1975,] sets forth the elements of first-degree robbery and defines it as a Class A felony.

After Carswell filed his notice of appeal, the trial court entered a judgment dated November 9, 2016. The only difference between the November 9, 2016, judgment and the October 25, 2016, judgment is the typeface and the date. There is no explanation in the record for the "entry" of the second judgment, which is not recorded in SJIS. We conclude that the November 9, 2016, judgment is of no consequence to this appeal.